```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| IKE KHAMISANI and § | | |
| K.B. AFFORDABLE, INC., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-3485 | |
| § | | |
| ERIC HOLDER, et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION

Pending before the court[1] is Defendants' Partial Motion to Dismiss (Doc. 19). The court has considered the motion, Plaintiffs' response, Defendants' reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

### I.  Case Background

Plaintiffs filed this action challenging adverse administrative decisions by the Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS") regarding the denials of a Form I-140 Petition for Alien Worker ("I-140") filed by Plaintiff K.B. Affordable, Inc., ("KBA") on behalf of Plaintiff Ike Khamisani ("Khamisani") and a Form I-485 Application to Register Permanent Residence or Adjust Status ("I-485") filed by Plaintiff Khamisani, which required the approval of

---

[1]    The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Doc. 11.

the I-140.

The parties agree that Plaintiff Khamisani entered the United States on a visitor's visa.[2]  On December 20, 2004, Plaintiffs concurrently filed an I-140 and an I-485.[3]  In August 2005, the Texas Service Center of the USCIS issued an intent to deny both petitions and, in November 2005, denied them both.[4]  According to the amended complaint, "Plaintiff [sic] appealed the decision to the Administrative Appeals Office [("AAO"),] and the AAO denied the appeal on May 12, 2006."[5]  According to the answer, Plaintiff KBA appealed the denial of the I-140 to the AAO, and the AAO dismissed the appeal on May 12, 2006.[6]

Plaintiffs filed their original complaint on September 26, 2011, and, by agreement of the parties and with leave of court, amended in February 2012.[7]  Plaintiffs seek relief from the USCIS's decisions pursuant to the Administrative Procedures Act[8] ("APA")

---

[2]   See Doc. 13, Pls.' Am. Compl., ¶ 9; Doc. 18, Defs.' Answer, ¶ 9. Plaintiffs allege that he entered on June 16, 2004, and Defendants deny that he entered on that date.  Compare Doc. 13, Pls.' Am. Compl., ¶ 9 with Doc. 18, Defs.' Answer, ¶ 9.

[3]   Doc. 13, Pls.' Am. Compl., ¶ 13. Defendants admitted that Plaintiffs filed these petitions but assert that the I-485 was filed on December 20, 2004, and the I-140 was filed on December 21, 2004.  Doc. 18, Defs.' Answer ¶ 13.

[4]   Doc. 13, Pls.' Am. Compl., ¶¶ 14, 15; Doc. 18, Defs.' Answer, ¶¶ 14, 15.

[5]   Doc. 13, Pls.' Am. Compl., ¶ 16.

[6]   See Doc. 18, Defs.' Answer, ¶ 16.

[7]   See Doc. 1, Pls.' Original Compl., Doc. 6, Jt. Mot. for Extension of Time; Doc. 7, Order Dated Dec. 9, 2011.

[8]   5 U.S.C. §§ 701-706.

and the Declaratory Judgment Act[9] ("DJA").[10]  Plaintiffs ask the court to direct the USCIS to reverse its prior denials.[11]

Defendants answered Plaintiffs' amended complaint on March 9, 2012, and, three days later, filed the pending motion to dismiss.[12] At about the same time, Defendants submitted the Certified Administrative Record.[13]  After the parties completed briefing on the motion to dismiss, they filed cross-motions for summary judgment.[14]

The court addresses the motion to dismiss at this time and considers the parties' motions for summary judgment in a separate memorandum opinion.

## II.  Legal Standards

"Federal courts are courts of limited jurisdiction" and may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  The court's jurisdiction covers only actual cases or controversies, and

---

[9]     28 U.S.C. §§ 2201-2202.

[10]    See Doc. 13, Pls.' Am. Compl., ¶¶ 29, 30.

[11]    See generally id. ¶¶ 30, 32.

[12]    See Doc. 18, Defs.' Answer; Doc. 19, Defs.' Mot. to Dismiss.

[13]    See Doc. 20, Notice of Filing Certified Admin. R.; Docs. 21-71, Sealed Certified Admin. R.

[14]    See Doc. 86, Pls.' Mot. for Summ. J.; Doc. 87, Defs.' Mot. for Summ. J.

standing is an element of the case-or-controversy requirement. U.S. Const. art. III § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also McCall v. Dretke, 390 F.3d 358, 361 (5th Cir. 2004)(explaining that standing is an essential component of federal subject matter jurisdiction). To have standing, a plaintiff must have suffered "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." Davis v. Fed. Election Comm'n, 554 U.S. 724, 733 (2008)(citing Lujan, 504 U.S. at 560-61).

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. A dismissal of a complaint pursuant to Rule 12(b)(1) "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. The court, in

4

determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)). The court should decide the Rule 12(b)(1) motion before addressing any attack on the merits. Ford v. NYLCare Health Plans of Gulf Coast, Inc., 301 F.3d 329, 332 n.1 (5th Cir. 2002); Ramming, 281 F.3d at 161.

Dismissal of an action is also appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).

### III. Analysis

The immigration statutes provide a method for U.S. employers to acquire visas for aliens they seek to employ. See 8 U.S.C. §§ 1153(b), 1154(a)(1)(F), 1154(b), 1182(a)(5)(A). In addition to petitioning the Department of Labor for certification, the prospective employer must file an I-140 with DHS. Masih v. Mukasey, 536 F.3d 370, 373 (5th Cir. 2008)(citing 8 U.S.C. § 1153(b)(3)(C); 8 C.F.R. § 204.5; United States v. Ryan-Webster, 353

F.3d 353, 355-56 (4th Cir. 2003)); see also 8 U.S.C. §§ 1154(a)(1)(F), 1182 (a)(5)(A). If approved, the I-140 filing date is the alien's priority date for allotment of a visa number. Masih, 536 F.3d at 373 (citing 8 C.F.R. § 245.1(g)(2)).

For those I-140 beneficiaries who reside in the United States, an I-485 may be filed for adjustment of status to lawful permanent resident.  8 U.S.C. § 1255(i)(1)(B)(ii); Masih, 536 F.3d at 373-74 (citing 8 U.S.C. § 1255(I); Ryan-Webster, 353 F.3d at 356).  The U.S. Attorney General may adjust the alien employee's status if he is eligible to receive an immigrant visa, he is admissible for permanent residence, and a visa is immediately available at the time of the application.  8 U.S.C. § 1255(i)(2).

Plaintiffs seek review, pursuant to the APA and the DJA, of the USCIS's denials of their I-140 and I-485.  Defendants argue that:  1) this court lacks subject matter jurisdiction under 8 U.S.C. § ("Section") 1252(a)(2)(B) to review the USCIS's decision to deny Plaintiff Khamisani's I-485; 2) Plaintiff Khamisani lacks standing to challenge the USCIS's decision to deny Plaintiff KBA's I-140; 3) U.S. Attorney General Eric H. Holder ("Holder"), former Director of Homeland Security Tom Ridge ("Ridge"), and Director of USCIS's Nebraska Service Center F. Gerard Heinauer ("Heinauer") are not proper parties to this case; 4) Plaintiffs failed to state a claim to the extent that they contend the USCIS is required to approve the I-140 merely because it approved I-140s in similar

cases.

## A. Subject Matter Jurisdiction

In response to Defendants' argument that this court lacks subject matter jurisdiction to review discretionary decisions under Section 1252(a)(2)(B), Plaintiffs counter that Defendants' reading of this section is "expansive" and the court has jurisdiction to review "purely legal" determinations.[15]

Section 1252(a)(2)(B), which is labeled "Denials of discretionary relief," states in part: "[R]egardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255." Section 1255 provides for the adjustment of status of a nonimmigrant to legal permanent residence, specifically referencing aliens who are physically present in the United States and are beneficiaries of labor certifications. Section 1252(a)(2)(B) also states that no court has jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief [under the section on asylum]."

By its own terms, Section 1252(a)(2)(B) deprives courts of

---

[15] Doc. 74, Pls.' Resp. to Defs.' Partial Mot. to Dismiss p. 9.

jurisdiction to consider appeals of I-485 denials, as well as other discretionary decisions. The Fifth Circuit has affirmed this interpretation: "First, the district court correctly held that under § 1252(a)(2)(B), it did not have jurisdiction to review the decisions to deny [the plaintiff]'s I-485 application because these determinations were 'in the discretion of' immigration officials acting under authority of the Attorney General." Ayanbadejo v. Chertoff, 517 F.3d 273, 276 (5th Cir. 2008); see also Odero v. Holder, 338 Fed. App'x 432, 433 (5th Cir. 2009)(unpublished)("Under the plain language of the Real ID Act,[16] this court does not have jurisdiction to review 'any judgment regarding the granting of relief under section . . . 1255.'"); Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006)("[W]e join a number of our sister circuits in holding that we lack jurisdiction over petitions for review concerning the discretionary denial of relief under 8 U.S.C. § 1255.").

Plaintiffs' effort to recast their challenge as a legal one does nothing to restore this court's jurisdiction. Section 1252(a)(2)(D) states that constitutional claims or questions of law may be "raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Therefore, even if Plaintiffs are raising "purely legal" issues, this is not the

---

[16] The Real ID Act is the name of the legislation that included the current version of Section 1252 and took effect in May 2005.

8

court vested with the authority to review those issues. See 8 U.S.C. § 1252(a)(2)(D); Huerta v. Clinton, Civil Action No. H-09-3229, 2010 WL 565279, at *3 (S.D. Tex. Feb. 17, 2010)(unpublished).

Additionally, bringing suit pursuant to the APA and the DJA will not restore jurisdiction. Section 1252(a)(2)(B) expressly states that courts are precluded from reviewing decisions on I-485s "[n]otwithstanding any other provision of law (statutory or nonstatutory)." See also 5 U.S.C. § 701(a)(1)(stating that the APA applies "except to the extent that . . . statutes preclude judicial review"); Califano v. Sanders, 430 U.S. 99, 104 (1977)(stating that the APA "is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions"); Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc., 666 F.3d 932, 938 (5th Cir. 2012)(citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672-74 (1950))(stating that the DJA is "procedural only" and that a court "must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief").

This court does not have jurisdiction to entertain Plaintiff Khamisani's challenges to the USCIS's decision to deny his I-485.[17]

---

[17] As Defendants implicitly conceded, the court has jurisdiction to review challenges to I-140 decisions. The authorizing statute for I-140s is not mentioned in Section 1252(a)(2)(B) in defining which discretionary decisions are beyond judicial review. Cf. Ayanbadejo, 517 F.3d at 276-77 (citing Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005))(interpreting Section 1252(a)(2)(B)(i) as limiting review of decisions that the statute identifies as discretionary).

The claims related to that petition should be dismissed.

**B.    Standing**

Plaintiffs argue that Plaintiff Khamisani is a proper plaintiff because he has suffered a legal wrong due to agency action, which entitles him to bring a suit pursuant to the APA. Plaintiffs contend that the cases cited by Defendants for the proposition that an alien does not have standing to challenge the denial of an I-140 are distinguishable from the facts of this case.

The Fifth Circuit has provided little advice on this precise issue,[18] recently finding that the question of the alien's standing was moot because the prospective employer's claims concerning the I-140 were the same as those of the alien and had been dismissed. See Gene's Mach., Inc. v. U.S. Dep't of Homeland Sec., No. 12-40368, 2012 WL 6554853, at *1 (5th Cir. Dec. 17, 2012)(unpublished). Ten years earlier, the Fifth Circuit declined to exercise mandamus jurisdiction over an alien's lawsuit challenging the agency's denial of his motion to reconsider a prospective employer's application for a change of his nonimmigrant status. See Kale v. U.S. Immigration & Naturalization Svc., 37 F.3d App'x 90, No. 01-

---

[18]    District courts across the nation have addressed the issue, reaching different conclusions. See, e.g., Shalom Pentecostal Church v. Napolitano, Civ. No. 11-4491, 2013 WL 162986, at **3-4 (D.N.J. Jan. 15, 2013)(unpublished) (disagreeing with courts citing regulations as the basis for denying standing and finding that the alien had standing to challenge a church's petition on his behalf for a special immigrant religious worker visa); George v. Napolitano, 693 F. Supp.2d 125, 130 (D.D.C. 2010)(finding that the prospective employer was the proper party in an action seeking review of the denial of an I-140 Petition and that the alien lacked standing).

10921, 2002 WL 1022012, at *1-2 (5th Cir. May 10, 2002)(unpublished). The court determined that he had "no clear right to relief because he lack[ed] standing to move for reconsideration" under the applicable regulations. Id. at *2. The court did not specifically comment on constitutional standing. See id.

Here, as in Gene's Machine, Inc., the claims of the prospective employer and the alien are identical. Plaintiff KBA can protect the interests of Plaintiff Khamisani without his presence in the lawsuit. Because the court is dismissing all of the other claims raised by Plaintiff Khamisani, he is no longer necessary for the complete adjudication of the case. Therefore, the court can dismiss Plaintiff Khamisani without reaching the issue of constitutional standing. See U.S. v. Lipscomb, 299 F.3d 303, 359 (5th Cir. 2002)(quoting Ashwander v. TVA, 297 U.S. 288, 347 (1936))("It is not the habit of the court to decide questions of a constitutional nature *unless absolutely necessary to a decision of the case*.").

Plaintiff Khamisani should be dismissed from this case because his interests with regard to the claims remaining before the court are protected by his prospective employer, Plaintiff KBA.

**C.   Proper Parties**

Plaintiffs conceded in their response that Ridge and Heinauer are not proper parties to this lawsuit but failed to address

11

Defendants' arguments regarding Holder.

Holder, as U.S. Attorney General, heads the Department of Justice ("DOJ"), and the Executive Office for Immigration Review ("EOIR") is an agency within the DOJ that is responsible for adjudicating immigration cases.[19] The Board of Immigration Appeals ("BIA") is a division of the EOIR that is responsible for hearing appeals of decisions made by immigration judges and DHS district directors.[20]

Janet Napolitano is the Secretary of the DHS, and the USCIS is an agency within the DHS that is responsible for overseeing lawful immigration.[21] The AAO is an office within the USCIS that is responsible for hearing appeals of decisions made by USCIS adjudications officers.[22]

In this case, Plaintiff KBA appealed the denial of its I-140, and the AAO issued a final decision. According to Plaintiffs' complaint, neither the EOIR nor the BIA were involved in the

---

[19] The organizational chart for the DOJ is available online at http://www.justice.gov/agencies/index-org.html.

[20] The organization of the EOIR is detailed online at http://www.justice.gov/eoir/orginfo.htm. A description of the BIA is available online at http://www.justice.gov/eoir/biainfo.htm.

[21] The organizational chart for the DHS is available online at http://www.dhs.gov/xlibrary/assets/dhs-orgchart.pdf.

[22] The organizational chart for the USCIS is available online at http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgnextoid=476fcf021c599110VgnVCM1000004718190aRCRD&vgnextchannel=2af29c7755cb9010VgnVCM10000045f3d6a1RCRD. A description of the AAO is available online at http://www.uscis.gov/portal/site/uscis/menuitem.eb1d4c2a3e5b9ac89243c6a7543f6d1a/?vgnextoid=dfe316685e1e6210VgnVCM100000082ca60aRCRD&vgnextchannel=dfe316685e1e6210VgnVCM100000082ca60aRCRD.

adjudication of their petitions.[23] Therefore, the DOJ played no role in making the challenged decisions. Holder has no connection to these decisions and should be dismissed.

**D.   Similar Cases**

Plaintiffs explain that they are not contending that the USCIS is required to approve the I-140 merely because it approved the petitions of others who were similarly situated. Plaintiffs represent that their focus is on the agency's failure to follow established rules and procedures in this case, which resulted in an arbitrary and capricious decision.

The court agrees with Defendants that a favorable decision in a separate case cannot serve as the sole basis for finding the decision in this case to have been incorrect. A previous contrary decision under similar facts, on its own, does not mean that the present decision is arbitrary or capricious. See Boi Na Braza Atlanta, LLC v. Upchurch, No. 3:04-CV-2007-L, 2005 WL 2372846, at *8 (N.D. Tex. Sept. 27, 2005) aff'd, 194 Fed. App'x 248 (5th Cir. 2006)(citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 863 (1984))(noting that "simply because the agency previously interpreted a statute differently" does not make

---

[23] The court acknowledges that the statute governing applications for the adjustment of status sought by Plaintiff Khamisani directs individuals to apply to the U.S. Attorney General. See 8 U.S.C. § 1255(i). However, according to Plaintiff's complaint, the USCIS made the decision to deny Plaintiff Khamisani's I-485, not the U.S. Attorney General. See Doc. 13, Pls.' Am. Compl., ¶ 14. This point is moot in any event because the court has determined that it lacks jurisdiction to review the decision with regard to Plaintiff Khamisani's I-485.

an agency's decision arbitrary, capricious or an abuse of discretion).

On the other hand, approvals in cases with similar facts may have relevance in ascertaining whether the agency is following its own rules and procedures in rendering decisions. In other words, that information may be a factor in determining whether the decision in this case is arbitrary and capricious, just not the only factor. Defendants cite to no persuasive case law to the contrary or to any legal authority that prevents consideration of similar agency decisions.

The court finds that no aspect of Plaintiff KBA's claims regarding the denial of the I-140 should be dismissed. The court shall address the merits of those claims in a separate opinion.

### IV.  Conclusion

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

**SIGNED** in Houston, Texas, this 13th  day of March, 2013.

Nancy K. Johnson
United States Magistrate Judge